UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SHANEBERGER, II,

    Petitioner,

v.

KURT JONES,

    Respondent,

_____/

Civil No. 03-CV-74452-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER REINSTATING THE HABEAS PETITION, AMENDING CAPTION, GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND GRANTING RESPONDENT TIME TO FILE A SUPPLEMENTAL ANSWER TO THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS.**

Richard Allen Shaneberger, II, ("Petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan,[1] filed a petition for writ of habeas corpus through his counsel Michael D. Hills pursuant to 28 U.S.C. § 2254 on November 4, 2003, in which he challenged his convictions for first-degree felony murder, M.C.L.A. 750.316; M.S.A. 28.548; and conspiracy to commit armed robbery, M.C.L.A. 750.M.C.L.A. 750.157a; M.S.A. 28.354(1); M.C.L.A. 750.529; M.S.A. 28.797. After an answer was filed by the respondent, petitioner moved for a stay of proceedings in order to return to the state courts to

---

[1] Petitioner was incarcerated at the Saginaw Correctional Facility in Freeland, Michigan when he originally filed his habeas petition and the original respondent was Blaine Lafler.

1

*Shaneberger v. Lafler,* 03-74452-DT

exhaust an additional claim. On May 19, 2004, this Court held the petition in abeyance and ordered that the case be administratively closed pending petitioner's return to the state courts to exhaust his additional claim. Petitioner has completed the exhaustion of this claim in the state courts and has now filed a motion to amend his petition for writ of habeas corpus. For the reasons stated below, the Court will reinstate petitioner's application for a writ of habeas corpus. The Court will further amend the caption to reflect the name of petitioner's current warden, Kurt Jones. The motion to amend the petition for writ of habeas corpus is **GRANTED.** The Court will also order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will also grant respondent an additional sixty (60) days to respond to the amended petition for writ of habeas corpus.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because petitioner has exhausted his claim before the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reinstated.

The Court will also order that the caption in this case be amended to reflect

*Shaneberger v. Lafler,* 03-74452-DT

that the proper respondent in this case is now Kurt Jones, the warden of Carson City Correctional Facility in Carson City, Michigan, where petitioner is currently incarcerated.

The Court will also permit petitioner to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-42 (6th Cir. 1998).

The Court will permit petitioner to amend his petition to include his additional claim. Petitioner's proposed amended habeas petition advances a new claim that may have arguable merit, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995). There is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his

*Shaneberger v. Lafler,* 03-74452-DT

petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. Because the Court will allow petitioner to amend his petition to assert an additional claim for relief, the Court will also grant respondent sixty (60) days to answer and brief the issues raised by the amended petition to ensure that respondent has sufficient time to fully address the amended petition. *Stewart v. Angelone*, 186 F.R.D. at 344; Rules Governing § 2254 Cases, Rule 4

### **ORDER**

IT IS HEREBY ORDERED That the Petition for Writ of Habeas Corpus is **REINSTATED.**

**IT IS FURTHER ORDERED** that the caption of the case be amended to reflect that Kurt Jones is the proper respondent in this case.

IT IS FURTHER ORDERED that petitioner's Motion to Amend the Petition for Writ of Habeas Corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the

*Shaneberger v. Lafler,* 03-74452-DT

amended petition for writ of habeas corpus and a copy of this Order on respondent and the Attorney General by first class mail.

IT IS FURTHER ORDERED That Respondent shall be given sixty (60) days from the date of this order to file a responsive pleading to the amended habeas petition.

<u>s/Arthur J. Tarnow</u>
**HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT**

Dated: June 28, 2005