**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RICHARD ALLEN SHANEBERGER, II, #249540**

    Petitioner,

                                       Civil No: 03-CV-74452
                                       Honorable Arthur J. Tarnow
                                       Magistrate Judge R. Steven Whalen

v.

**KURT JONES,**

    Respondent.
_____

**OPINION & ORDER GRANTING IN PART AND DENYING IN PART
REQUEST FOR A CERTIFICATE OF APPEALABILITY AND GRANTING
APPLICATION TO PROCEED *IN FORMA PAUPERIS***

**I. Introduction**

On September 6, 2007, the Court issued an opinion and order and entered a judgment denying petition for writ of habeas corpus. Petitioner subsequently filed a "Notice of Appeal," "Motion for Certificate of Appealability," and an "Application to Proceed Without Pre-payment of Fees and Affidavit" on September 25, 2007. Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a §2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. §2253(C); Fed. R. App. P. 22(b). For the reasons stated below, the Court will grant in part and deny in part the motion for a certificate of appealability, and will grant Petitioner leave to appeal *in forma pauperis.*

**II. Statement of Substantive Facts**

The underlying criminal matter in this habeas case arises from a robbery where Petitioner along with two other individuals robbed a Radio Shack store manager. The manager was subsequently shot and killed. Petitioner made an admission during the investigation of this matter

*Shaneberger v. Jones* 03-cv-74452

about his involvement in the robbery, but denied shooting and killing the manager. In his habeas petition, he raised an ineffective assistance of appellate counsel claim relative to issues regarding suppression of his statement and severance of the trial. Petitioner also asserted that *Crawford v. Washington*, 541 U.S. 36 (2004), as it relates to testimonial statements by a co-conspirator, should retroactively apply to this case, as it was decided prior to the *Crawford* decision.

After Petitioner's exhaustion of appellate rights through the state courts and the denial by this Court of Petitioner's request for habeas relief, Petitioner has filed a request for a ruling on his "Motion for Certificate of Appealability" and "Notice of Appeal."

### III. Standard of Review for Issuance of Certificate of Appealability

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). In applying the standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell,* 537 U.S. 322, 336-37 (2003). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel,* 529 U.S. at

484. When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial or a constitutional right, and that jurists of reason should find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85.

Upon review of the pleadings and the record in this mater, the Court finds that Petitioner has shown, in part, that the issues raised in support of his request for habeas relief warrant the issuance of a certificate of appealability in this matter. Therefore, Petitioner's "Motion for Certificate of Appealability" is granted in part and denied in part.

## IV. Law & Analysis

### A. Petitioner's General Position

Petitioner contends that a certificate of appealability should be granted for two reasons: (1) an order directing service of the habeas petition was entered shortly after the petition was filed; and (2) Petitioner's ineffective assistance of appellate counsel claim was addressed by the Court in 2½ pages of the Opinion denying habeas relief, implying that there must be merit to the claim if the Court was compelled to discuss the issue at such great length. The Court rejects Petitioner's claims as a basis for granting a certificate of appealability in this case.

First, ordering that a habeas petition be served upon the respondent in a case merely means that the face of the petition does not demonstrate a basis for summary dismissal. Service of the habeas petition does not signify the Court's endorsement of the petition's merit. Second, the amount of pages a Court expends to analyze an issue is also not indicative of the Court's opinion about the

3

merit of a claim. The length of time a Court devotes to addressing a habeas claim is completely varied and depends only upon the legal issue, the supporting facts and the law relative to that issue. Therefore, whether a claim is given short shrift or a lengthy analysis, such treatment is not dictated solely by the merit or non-meritorious nature of the issue presented.

**B. Ineffective Assistance of Appellate Counsel**

Petitioner asserts that his ineffective assistance of appellate counsel issue should be certified for appeal for two reasons. First, Petitioner maintains that the appellate attorney failed to raise the issue that his statement to the police regarding his involvement in the crime at issue should have been suppressed. It is Petitioner's position that his statement should have been suppressed because it was made after he invoked his right to remain silent and after he asserted his right to counsel. Second, Petitioner contends that his rights under the Confrontation Clause were violated due to the trial court's failure to sever his trial from that of James Rowe's. Petitioner claims that this was a salient issue that should have been raised in his direct appeal. However, appellate counsel failed to do so.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, Petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." *Id.* at 687. Second, the Petitioner must show that counsel's deficient performance prejudiced him. The Petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial." *Id.* at 689.

4

"Appellate counsel may deliver deficient performance and prejudice by omitting a 'dead-bang winner,' which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. See *Meade v. Lavigne,* 265 F.Supp.2d 849, 870 (E.D. Mich. 2003)(internal citations omitted)." *Horton v. Jones,* 2006 WL 2364871, *5 (E.D. Mich. Aug. 15, 2006). Petitioner must therefore show that appellate counsel was ineffective by omitting on direct appeal the claim presented in his subsequent motion for relief from judgment (i.e., trial counsel's failure to suppress Petitioner's custodial statements).

The facts in support of Petitioner's ineffective assistance of appellate counsel claim are ones upon which reasonable jurists could debate.

### *1. Right to Remain Silent*

First, Petitioner asserted his right to remain silent and upon doing so, questioning ceased. It is Petitioner's position that any questioning following the invocation of that right was in complete disregard of his right to remain silent and his "right to cut off questioning." Consequently, any statements obtained after the assertion of his Fifth Amendment right were done so in an unconstitutional manner and should not have been admitted into evidence. This is the argument Petitioner contends should have been raised on direct appeal.

However, shortly after the invocation of his right to remain silent, Petitioner was transported by Trooper Gutierrez from the Portage City Police Department to the Barry County Jail in Hastings, Michigan, which was approximately an hour and a half away. Trooper Gutierrez testified that during the ride, the Petitioner became emotional. Trooper Gutierrez admitted that he made

statements to the Petitioner regarding: (1) the truth needing to be told; (2) how he "should clear things up; (3) how Mr. East was a good man who did not deserve to die; (4) how Mr. East had an 80 year old mother for whom he was the sole provider; and (5) asked Petitioner if he did not shoot Mr. East then who did. Petitioner continued to be very emotional (i.e., crying) during the car ride and would only say that he did not shoot Mr. East, how he had not been sleeping or eating well, and how "things were bothering him."

Upon arriving at the Barry County Jail, Trooper Gutierrez asked the Petitioner, "who shot the guy up north in the robbery?" Petitioner became upset again, but then explained to Trooper Gutierrez what transpired in Big Rapids.

Petitioner's position is two fold: (1) nothing more should have been said to the Petitioner after the statement he made at the Portage Police Department about his father and an attorney[1]; and (2) Trooper Gutierrez's conversation about John East, his family and doing the right thing amounted to coercion and an initiation of the conversation leading up to Petitioner's full confession. Jurists could debate the issue of deficient performance on the part of appellate counsel when he failed to raise the suppression issue on direct appeal when the incriminating statement was obtained only after Petitioner's right to remain silent was allegedly violated. It could be debated that this is a "dead bang winner" issue that appellate counsel should have raised. Therefore, a certificate of appealability is appropriate.

---

[1] Petitioner told the police during questioning that he wanted to wait for his father in order to get advice; and that his father may retain an attorney to represent his (Petitioner's) interests. At the time of Petitioner's conviction he was 26 years of age.

### *2. Assertion of Right to Counsel*

After Petitioner was informed that he was under arrest, and after he read Petitioner his *Miranda* rights Petitioner told the police during questioning that he wanted to wait for his father in order to get advice; and that his father may retain an attorney to represent his (Petitioner's) interests. If a suspect clearly invokes his right to have counsel present during an interrogation, then no further questioning is permitted. *Edwards v. Arizona,* 451 U.S. at 483-84. The invocation, however, must be clear in order for the right to be invoked. *Davis v. United States,* 512 U.S. 452, 462 (1994). Reasonable jurists could debate whether Petitioner properly invoked his right to counsel, which would have strongly supported a suppression claim and one that should have arguably been raised on direct appeal.

### *3. Severance of Trial*

Petitioner's next claim is that his trial counsel was ineffective due to his failure to move for a severance of his trial from that of the co-defendant, James Rowe, because failure to sever the trial created a Confrontation Clause violation. Accordingly, Petitioner asserts that his appellate counsel was ineffective for failing to raise these issues on direct appeal. In the Court's Opinion, it recognized that there was a technical violation of Petitioner's right to confront witnesses. However, it deemed the error harmless. "Confrontation Clause cases are subject to a harmless error analysis on habeas review." *Robinson v. Stegall,* 48 Fed. Appx. 111, 113 (6th Cir. 2002), citing, *Delaware v. Van Arsdall,* 475 U.S. 673, 684 (1986). To determine whether the trial court's Confrontation Clause error was harmless, the Court must examine the following factors: (1) the importance of the witness' testimony to the prosecution's case; (2) whether the testimony was cumulative; (3) the

presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. See *Stapleton v. Wolfe,* 288 F.3d 863, 867-68 (2002), citing *Delaware v. Van Arsdall,* 475 U.S. at 684. Reasonable jurists could debate whether the error was harmless, which in turn could arguably have been raised on direct appeal as a deficiency in trial counsel's representation.

### C. Retroactive Application of *Crawford v. Washington*

Case law is clear relative to the retroactive application of *Crawford v. Washington* and therefore, reasonable jurists would not find the Court's decision relative to this issue debateable or wrong. *Crawford v. Washington,* 541 U.S. 36 (2004); *Whorton v. Bockting,* ___ U.S.___, 127 S. Ct. 1173, 1183-84, ___ L.E. ___ (2007); *Dorchy v. Jones,* 398 F.3d 783, 788 (6th Cir. 2005).

### D. Application to Proceed *In Forma Pauperis*

A court may grant a request to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. §1915(a)(3); Fed. R. App. 24(a).

"Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster v. Ludwick,* 208 F.Supp.2d at 765. The Court has found that jurists of reason would debate this Court's resolution of Petitioner's claims, in part, and the issues are not frivolous. Therefore, an appeal could be taken in good faith and the Petitioner may proceed *in forma pauperis* on appeal. *Id.*

Accordingly, the Court finds that Petitioner's request for *in forma pauperis* status is granted.

## V. Conclusion

For the reasons set forth above, the Court finds that Petitioner, in part, has made a substantial showing of a denial of a constitutional right relative to some of the issues presented; and therefore these issues, in part, are certifiable for appeal. Moreover, Petitioner's request to proceed *in forma pauperis* is granted for the above set forth reasons.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Certificate of Appealability" **[Docket No: 43-1, filed September 25, 2007]** is **GRANTED IN PART and DENIED IN PART.**

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed with an Appeal Without Prepayment of Fees and Affidavit" **[Docket No: 42-1, filed September 25, 2007]** is **GRANTED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 23, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 23, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary